UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Namho Cho, Gunnwook Ma, John Lee and Jae Yeun Kang<br><br>　　　　　　Plaintiffs,<br>　v.<br><br>O2 BBQ CORP., GALAXY BAR & GRILL RESTAURANT INC, SUNG HO CHO, AND SUNG HEE IM<br><br>　　　　　　Defendants, | Index No. 20-CV- 5379<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs, Namho Cho, Gunnwook Ma, John Lee and Jae Yeun Kang, through their attorneys, for their Complaint against O2 BBQ CORP, Galaxy Bar & Grill Restaurant Inc, Sung Ho Cho and Sung Hee Im ("Defendants"), state as follows:

**NATURE OF PLAINTIFFS' CLAIMS**

1.　　　　This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* ("FLSA"), the New York Labor Law ("NYLL"), N. Y. Lab. Law § 650 et seq. and New Jersey Wage Payment Law, N.J.S.A. §§ 34:11-4.1 *et seq*.; the New Jersey Wage and Hour Law, N.J.S.A. §§ 34:11-56a *et seq*.; and the New Jersey Wage and Hour Regulations, N.J.A.C. §§ 12:56 *et seq*. for Defendants' failure to properly pay minimum wage and overtime compensation to Plaintiffs. Plaintiffs also claimed Defendants' violation under NYLL § 195(1)(a) Wage Theft Protection Act. During the course of their employment by Defendants, Plaintiffs regularly worked over forty (40) hours per week. Defendants did not pay their minimum and overtime wage properly. Plaintiffs further allege that Defendants' failure to pay minimum and overtime wages is willful and intentional.

1

## THE PARTIES

2. Defendant O2 BBQ Corp is doing business as O2 BBQ restaurant at 45-53 Bell Blvd, Bayside NY 11361.

3. Defendant Galaxy Bar & Grill Restaurant Inc is doing business as O2 BBQ restaurant at 7000 Kennedy Blvd. E, Guttenburg, NJ 07093.

4. Plaintiffs were at all times relevant hereto employees of Defendants.

5. Plaintiffs were at all times relevant hereto individuals employed in the State of New York by Defendants.

6. Plaintiffs were at all times relevant hereto resided in the State of New York.

7. Plaintiffs were at all times relevant hereto non-exempt employees within the meaning of the FLSA, NYLL, NJ Law, and the implementing rules and regulations of the FLSA, NYLL and NJ Law.

8. All Plaintiffs worked as server but defendants never issued tip credit notice pursuant to NYLL to any of the plaintiffs.

9. From about April 12, 2018, until October 14, 2020, Plaintiff Namho Cho began his work for O2 BBQ Corp at about 10:40 a.m. and ended at about 11:00 p.m. ~12 a.m. for about 6-7 days a week. He worked over 10 hours a day and 60 to 80 hours a week and he was paid $35.00 for a full day and $25.00 for a half day until July 2018. From July 2018 until October 28, he was paid $50 for a full day and $35 for a half day. From October 29, 2018, he was paid $60 for a full day and $40 for a half day. From September 26, 2020 until October 14, 2020, he was paid $90 for a full day and $50 for a half day.

10. Plaintiff Gunnwook Ma started his work for Galaxy Bar & Grill Restaurant Inc about July 2, 2018 until February 15, 2020. He began his work around 10:30 a.m. and ended at

11:00~12:00 p.m. for 6 or 7 days per week. He worked at both locations NJ and NY. He worked over 10 hours a day and 60 to 80 hours a week and he was paid $35.00 for a full day and $25.00 for a half day. Later his daily wage was increased to $45 for a full day and $30 for a half day.

11. From about May 6, 2019, until January 7, 2020, Plaintiff John Lee began his work for O2 BBQ Corp at about 10:00 a.m. and ended at about 11:00 p.m. ~12:00 a.m. for 6-7 days a week. He worked over 10 hours a day and 60 to 80 hours a week and he was paid $35.00~$40.00 for a full day and $25.00 for a half day.

12. Plaintiff Jae Yeun Kang worked for O2 BBQ Corp from November 14, 2019 until January 7, 2020. She worked for 3-5 days a week and 6.5 ~12 hours a day during her employment period. She was paid $35.00 for a full day and $25.00 for a half day.

13. During some part of this period of time, Plaintiffs regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of forty (40) hours per week.

14. Plaintiffs performed work for Defendants the said hour's work as an express condition of their continued employment.

15. Plaintiffs regularly worked more than 40 hours a week and were never paid the overtime wages.

16. Plaintiffs performed manual labor for Defendants.

17. Plaintiffs were assigned to the said manual labor by Defendants.

18. Plaintiffs were not required to possess any specialized skills in order to do the assigned work for Defendants.

19. Plaintiffs did not have to supply their own tools and equipment in connection with their work for Defendants.

20. Plaintiffs were required to report to work for Defendants at a certain time.

21. Plaintiffs could not set their own hours of work for Defendants.

22. Plaintiffs were not compensated at the proper overtime rate for hours worked in excess of forty (40) hours per week.

23. Defendants Sung Hee Im and Sung Ho Cho are at all relevant times hereto engaged in the business of O2 BBQ CORP and Galaxy Bar & Grill Restaurant Inc.

24. The defendants, O2 BBQ CORP ("O2 BBQ"), and Galaxy Bar & Grill Restaurant Inc ("GBGR") are at all relevant times hereto engaged in interstate commerce.

25. The defendants Sung Hee Im ("Im") and Sung Ho Cho ("Cho") managed, supervised, established and administered the terms and conditions of Plaintiffs' employment.

26. Defendants Cho and Im participated in and approved of the unlawful pay practices of the business O2 BBQ restaurants in the State of New Jersey and State of New York.

27. Defendants Cho and Im were involved in assigning work to the Plaintiffs.

28. Defendants Cho and Im had the power and authority to discipline Plaintiffs.

29. Defendants Cho and Im exercised authority over the terms and conditions of Plaintiffs' employment and how much and the manner in which Plaintiffs were paid.

30. Defendants Cho and Im hired Plaintiffs.

31. Defendants Cho and Im were in charge of paying employees.

32. Defendants Cho and Im told Plaintiffs where to work and when to work.

33. Defendants employed Plaintiffs to do work for them in the State of New Jersey and State of New York.

34. Defendants, during all relevant times, were subject to the FLSA due to the nature of their business and revenues earned.

35. Defendants provided the tools and equipment and materials for the Plaintiffs to do their job with Defendants.

36. Defendants held Plaintiffs out as employees.

37. Defendants employed and paid Plaintiffs as their employees.

38. Defendants are employers within the meaning of the term of the Fair Labor Standards Act, 29 U.S.C. § 203(d), the NYLL and New Jersey state law.

39. Defendants never obtained legal advice or counsel that their overtime pay practices and/or policies were compliant with state and federal wage-hour laws.

40. Defendants never obtained any written guidance from the U.S. Department of Labor concerning their pay practices and policies.

41. No exemption from overtime applies or applied to Plaintiffs when they worked more than 40 hours in a workweek for Defendants.

42. Defendants failed to pay Plaintiffs overtime premium for all hours worked in excess of 40 hours per workweek.

43. Defendants' failure to pay Plaintiffs at the proper minimum and overtime rate was intentional and willful.

44. Defendant O2 BBQ CORP is a New York corporation and is an enterprise as defined by Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(I), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

45. Defendant Galaxy Bar & Grill Restaurant Inc is a New Jersey corporation and is an enterprises as defined by Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(I), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

46. Upon information and belief, O2 BBQ CORP and Galaxy Bar & Grill Restaurant Inc have been, at all relevant times, an enterprise engaged in commerce within the meaning of FLSA in that they (i) had employees engaged in commerce or in the production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and its (ii) annual gross volume of sales or business is not less than $500,000.

47. Upon information and belief, Defendant O2 BBQ CORP at all relevant times, was an employer as defined by FLSA and NYLL.

48. Upon information and belief, Defendant Galaxy Bar & Grill Restaurant Inc at all relevant times, was an employer as defined by FLSA and N.J.S.A/N.J.A.C.

49. Defendant Sung Hee Im is resident of Bergen County of New Jersey and the owner of the corporation defendants O2 BBQ Corp and Galaxy Bar & Grill Restaurant Inc.

50. Defendant Sung Ho Cho is resident of Queens County and he is a partner or owner of O2 BBQ Corp and Galaxy Bar & Grill Restaurant Inc.

## JURISDICTION AND VENUE

51. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b). Venue is proper in this judicial district as corporation defendant is located in the district and one of individual defendant is a resident in this judicial district pursuant to 28 U.S.C. § 1391. This Court has supplemental jurisdiction over Plaintiffs' New York State Law and New Jersey State Law claims pursuant to 28 U.S.C § 1367.

## COUNT I
## FAIR LABOR STANDARDS ACT
**Minimum Wage Claim**

52. Plaintiffs hereby incorporate by reference the foregoing paragraphs of this Complaint into this count.

53. The FLSA requires employers, such as Defendants, to pay employees the minimum wage for all hours worked.

54. At all relevant times, 29 U.S.C. § 206 has defined the minimum wage under the FLSA. Prior to July 23, 2008 (during the applicable statute of limitations), the federal minimum wage was $6.55 an hour. Since July 24, 2009, the federal minimum wage has been $7.25 an hour.

55. During the applicable statute of limitations, Defendants have failed to pay Plaintiffs the federally mandated minimum wage for all hours worked.

56. Plaintiffs do not or did not perform job duties or tasks that permit them to be exempt from minimum wage as required under the FLSA.

57. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

58. Plaintiffs seek damages in the amount of all respective unpaid minimum wage compensation at minimum wage rate effective during the applicable workweek, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

59. Plaintiffs seek recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

WHEREFORE, plaintiffs pray for judgment in their favor and against the defendants, and each of them, and for the following relief:

A. damages in an amount equal to the unpaid wages due and owing to the plaintiffs, which were wrongfully converted to the defendants' use as described above;

B.  interest on all amounts awarded;

C.  attorneys' fees, together with costs of suit and collection; and

D.  such further relief as may be fair and just in the premises

## COUNT II
## FAIR LABOR STANDARDS ACT
### Overtime Wages

60. All allegations of the Complaint are expressly incorporated herein and Plaintiffs repeat and reallege each and every allegation set forth in this Complaint as though set forth fully at length herein.

61. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. §201. *et. seq.,* and for their failure to pay overtime wages to Plaintiffs for all hours worked.

62. For a certain period of their employment, Plaintiffs regularly worked more than 40 hours a week and was never paid the proper amount of overtime wages.

63. This Court has jurisdiction to hear this Count pursuant to 29 U.S.C. §216(b) and venue is proper in this judicial district.

64. During the course of their employment by Defendants, Plaintiffs were not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. §207.

65. Plaintiffs were directed by Defendants to work and did so work, in excess of forty (40) hours per week.

66. Pursuant to 29 U.S.C. §207, for all weeks during which Plaintiffs worked in excess of forty (40) hours, Plaintiffs were entitled to be compensated at a rate of one and one-half times their regular rate of pay.

67. Defendants did not compensate Plaintiffs at a rate of one and one-half times their

regular rate of pay for hours worked in excess of forty (40) hours in individual workweeks.

68. Defendants' failure and refusal to pay overtime premium at one and one-half times Plaintiffs' rate of pay for hours worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. §207.

69. Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week.

**WHEREFORE**, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiffs' regular rate for all hours which Plaintiffs worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorney's fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT III
## NEW YORK LABOR LAW
### Minimum Wages Claim

70. All allegations of the Complaint are expressly incorporated herein and Plaintiffs repeat and reallege each and every allegation set forth in this Complaint as though set forth fully at length herein.

71. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

72. The matters set forth in this count arise from Defendants' violation of the minimum wage provisions of the Minimum Wage Act Article 19 New York State Labor Law §650 et seq. Plaintiffs bring this action pursuant to NYLL §663.

73. At all relevant times herein, Defendants were "employers" as defined in the NYLL §651-6, and Plaintiffs were "employees" within the meaning of that Act §651-5.

74. Pursuant to NYLL §652-1, for all hours during which Plaintiffs worked, Plaintiffs were entitled to be compensated minimum wages.

75. Defendants did not compensate Plaintiffs minimum wages for all hours worked.

76. Defendants violated the New York Labor Law by refusing to compensate Plaintiffs' minimum wages for all hours worked.

77. Pursuant to 19 NYLL 663-1 & 4, Plaintiffs are entitled to recover their unpaid wages together with costs all reasonable attorney's fees, prejudgment interest and an additional amount as liquidated damages equal to one hundred percent (100%) of the total of underpayments.

**WHEREFORE,** Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of unpaid minimum wages for all hours worked;

B. Liquidated damages pursuant to the formula set forth in 19 NYLL 662;

C. Reasonable attorney's fees and costs incurred in filing this action; and such other and further relief as this Court deems appropriate and just.

### COUNT IV
### NEW YORK LABOR LAW
### Overtime Wages

78. All allegations of the Complaint are expressly incorporated herein and Plaintiffs repeat and reallege each and every allegation set forth in this Complaint as though set forth fully at length herein.

79. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

80. The matters set forth in this Count arise from Defendant's violation of the overtime compensation provisions of the 12 NYCRR §142-2.2.

81. Pursuant to 12 NYCRR § 142-2.2, for all weeks during which Plaintiffs worked in excess of forty (40) hours, Plaintiffs were entitled to be compensated at one and one-half times their normal hourly rate of pay for hours worked in excess of forty (40) hours per week.

82. Defendants failed to compensate Plaintiffs' overtime wages for hours worked in excess of forty (40) hours in individual workweeks.

83. Defendants violated the NYLL overtime wage Law by not compensating Plaintiffs' overtime wages for hours worked in excess of forty (40) hours in individual workweeks.

84. Defendants willfully violated the NYLL overtime wage law by refusing to compensate Plaintiffs at one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per week.

**WHEREFORE**, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of unpaid overtime wages for all hours worked;

B. Liquidated damages pursuant to the formula set forth in 19 NYLL 662;

C. Reasonable attorney's fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT V
### Time of Hire Wage Notice Requirement Violation

85. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

86. The NYLL requires employers to provide a written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission,

or other; allowances, if any, claimed as a part of the minimum wage, including tip, meal, or lodging allowances; the regular payday designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL §195-1(a).

87. Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to the rate of pay, regular pay cycle and rate of overtime on their first day of employment.

88. Defendants not only failed to provide notice to each employee at Time of Hire but also failed to provide notice to Plaintiffs even after the fact.

89. Due to Defendants' violations of New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

**WHEREFORE**, Plaintiffs pray for a judgment against Defendants as follows:

A. An award of damages for Defendants' failure to provide wage notice at the time of hire as required under the New York Labor Law;

B. Reasonable attorney's fees and costs incurred in filing this action; and

C. Such other and further relief as this Court deems appropriate and just.

## COUNT VI
## NEW JERSEY STATE LAW
### Minimum Wages and Overtime Claim
### (only for Plaintiff Gunnwook Ma)

90. All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegation set forth in this Complaint as though set forth fully at length herein.

91. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

92. Defendants intentionally and willfully failed to pay and refused to pay Gunnwook Ma minimum wages, in violation of New Jersey Wage Payment Law, N.J.S.A. § 34:11-4.7, the New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56a, and the New Jersey Wage and Hour Regulations, N.J.A.C. § 12:56-1.2(a)6.

93. Defendants also intentionally and willfully failed and refused to pay Mr. Ma overtime wages in violation of New Jersey Wage Payment Law, N.J.S.A § 34:11-4.1 et seq., the New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56a4, and the New Jersey Wage and Hour Regulations, N.J.A.C § 12:56-6.1.

94. Pursuant to N.J.S.A. 34:11-4.10 and 34:11-58b, Plaintiff is entitled to recover his unpaid wages together with costs all reasonable attorney's fees, prejudgment interest and an additional amount as liquidated damages equal to two hundred percent (200%) of the total of underpayments

**WHEREFORE**, Plaintiff Gunnwook Ma prays for a judgment against Defendants as follows:

A. A judgment in the amount of unpaid minimum wages for all hours worked;

B. Liquidated damages pursuant to the formula set forth in N.J.S.A. 34:11-4.10 and 34:11-58b;

C. Reasonable attorney's fees and costs incurred in filing this action; and such other and

further relief as this Court deems appropriate and just.

## JURY TRIAL

A jury trial is demanded on all Counts.

Respectfully submitted,

Dated: November 5, 2020

    /s/ Ryan Kim
Ryan J. Kim

Ryan J. Kim, Esq.
Ryan Kim Law, P.C.
222 Bruce Reynolds Blvd.
Suite 490
Fort Lee, NJ 07024
ryan@RyanKimLaw.com